United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

COINBASE, INC.,
Plaintiff,

v.

TOBIAS HONSCHA,
Defendant.

Case No. 25-cv-06234-JCS

**ORDER FOR SUPPLEMENTAL MATERIALS AND CONTINUING MOTION HEARING**

In this action, Plaintiff Coinbase, Inc. ("Coinbase") brings a motion for default judgment ("Motion") asking the Court to enter default judgment against Defendant Tobias Honscha, a resident of Germany, who is allegedly using the domain name "coinbase.de" in violation of the Affiliate Agreement he entered into with Coinbase and Coinbase's trademark rights. A hearing on the Motion is scheduled for September 30, 2026. The Court has reviewed Coinbase's Motion papers and seeks supplemental briefing and/or evidence on the following issues:

Jurisdiction and venue: Coinbase asserts a claim for cybersquatting under 15 U.S.C. § 1125(d)(1)(A) and for breach of an Affiliate Agreement between Coinbase and Honscha. Although Coinbase alleges that there is personal jurisdiction over Honscha as to both claims under the Affiliate Agreement, it has not supplied the Affiliate Agreement itself to the Court. Nor has it addressed (either in the Complaint or the Motion) the basis for asserting venue in this Court. The Court notes that venue is assessed on a claim-by-claim basis. Therefore, the Court requests that Coinbase provide supplemental briefing and evidence establishing that the Court has personal jurisdiction over Honscha as to both claims and likewise, that venue in this Court is proper as to both claims.

Breach of Affiliate Agreement Claim: While allegations in the complaint are deemed true

by virtue of Honscha's default, the entry of default judgment is discretionary and the Court must consider not only the sufficiency of the allegations but also the substantive merits of the claims. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Therefore, Coinbase must supply, at a minimum, a copy of the Affiliate Agreement in support of its request for default judgment on this claim. Coinbase may also submit additional evidence, such as a sworn declaration describing the facts supporting its breach of contract claim.

Statutory Damages: Coinbase asks the Court to award $100,000 in statutory damages, which is the maximum amount of statutory damages available for Honscha's use of the coinbase.de domain name under 15 U.S.C. § 1117(d). District courts have discretion in determining the amount of statutory damages, subject only to the statutory minimum (here, $1,000) and maximum (here, $100,000). *Coach Services, Inc. v. YNM, Inc*., 2011 WL 1752091, *5 (C.D. Cal. May 6, 2011). In determining the appropriate amount of statutory damages to award on default judgment, courts in this district have considered whether the amount of damages requested bears a "plausible relationship to Plaintiff's actual damages." *Adobe Sys., Inc. v. Tilley*, C 09–1085 PJH, 2010 WL 309249, at *5 (N.D.Cal. Jan. 19, 2010) (citations omitted). While a plaintiff in a trademark suit is entitled to damages that will serve as a deterrent, it is not entitled to a windfall. *Id*. at *5–6 (rejecting request for $250,000 in statutory damages for the willful infringement of five trademarks and awarding $50,000 in total statutory damages.)

Coinbase has supplied a single declaration (the Chisek Declaration) with an attached screen shot of a paid advertisement on the page to which the coinbase.de domain resolves; Chisek also states that he did not find any use of the word "Coinbase" on that website and that he "conducted a review of the United States Patent and Trademark database and did not identify any trademark applications or registrations owned by Defendant." Chisek Decl. ¶¶ 2-4. This evidence provides the Court with no information about the actual damage Honscha's use of the coinbase.de domain has caused Coinbase. While facts alleged in the complaint are deemed true by virtue of Honscha's default for the purposes of determining liability, some evidence is required to support Coinbase's requests for the maximum allowable statutory damages. Therefore, Coinbase shall supply evidence and supplemental briefing addressing why the amount of statutory damages it

United States District Court
Northern District of California

seeks is appropriate and not a windfall.

Attorneys' Fees: Coinbase seeks $155,761.50 in attorneys fees for 50.6 hours of work by Partner Gina Durham at hourly rates of $1,300 (2025) and $1,350 (2026), 84 hours of work by associate Jordan Chisek at hourly rates of $1,032 (2025) and $1,075 (2026) and 4.1 hours of work by paralegal Michelle Burch at an hourly rate of $450. The only evidence in the record supporting these rates is the declaration of Ms. Durham stating that these are the rates that were actually charged in this case. While "[a] billing rate that is the usual rate an attorney charges for his or her services is evidence that the rate approximates the market rate[,]" such evidence is "not necessarily dispositive[.]" *Yuga Labs, Inc. v. Ripps*, No. 222CV04355JFWJEMX, 2024 WL 489248, at *2 (C.D. Cal. Jan. 11, 2024). Given that the rates charged appear to be on the high side, the Court requires additional evidence in support of the rates Coinbase seeks, such as surveys of rates conducted by third parties or declarations of individuals knowledgeable about current rates in the relevant community. While decisions by other courts approving similar rates may also be helpful, the Court notes that the three cases cited by Coinbase in the Motion address rates charged in the Central District of California. "Generally, the relevant community" for the purpose of determining the prevailing market rate "is the forum in which the district court sits." *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997). Therefore, Coinbase is requested to provide additional evidence in support of the rates it seeks and/or citation to cases in which comparable rates were awarded by courts in *this* district.

The Court also requires additional evidence to establish that the number of hours billed by Coinbase's attorneys (134.6 hours) is reasonable in light of the fact that not a great deal of litigation has occurred in this case and the only substantive motion filed in it is Coinbase's default judgment motion. To establish that time spent on the case is reasonable, Coinbase shall supply billing records for the Court's review. To the extent those billing records contain attorney work product or privileged information, Coinbase may redact the specific content it contends is confidential and file an administrative motion to seal the unredacted records in accordance with the procedures set forth in Civil Local Rule 79-5.

Coinbase shall file its supplemental materials by **October 21, 2026.** The motion hearing

United States District Court
Northern District of California

currently set for September 30, 2026 is continued to **November 4, 2026 at 9:30 a.m. by Zoom webinar.**

**IT IS SO ORDERED.**

Dated: September 21, 2026

JOSEPH C. SPERO
United States Magistrate Judge